UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Wilbert Glover,

   Plaintiff,

v.
              **MEMORANDUM OPINION
               AND ORDER**

Verizon Wireless, Victra Connecting  Civil No. 22-1093 ADM/JFD
Technology of Life, Cristhian J. Made,
Erich Pieler, Joe, Rebecca, and Matt,
   Defendants.

___

Wilbert Glover, pro se.

Seth Leventhal, Esq., Leventhal PLLC, Minneapolis, MN, on behalf of Defendants.

___

## I. INTRODUCTION

On October 13, 2022, the undersigned United States District Judge heard oral argument on Defendants Verizon Wireless ("Verizon"), Victra Connecting Technology of Life ("Victra"), Cristhian J. Made, Erich Pieler, Joe, Rebecca, and Matt's (collectively "Defendants") Motion to Compel Arbitration and Stay Action [Docket No. 8]. For the reasons set forth below, Defendants' motion is granted.

## II. BACKGROUND

Plaintiff Wilbert Glover ("Glover") is a Verizon customer. Compl. [Docket No. 1] ¶ 7. Each time Glover purchased wireless equipment and services from Verizon, he signed Retail Installment Contracts and sales receipts agreeing that any disputes would be resolved by application of the provisions in the Verizon Wireless Customer Agreement ("Customer Agreement"). See Ninete Decl. [Docket No. 10] ¶¶ 7-10 & Ex. A at 2, Ex. B at 2, Ex. C at 2, Ex. D at 3, Ex. E at 2, Ex. F at 3, Ex. G at 2.

The Customer Agreement includes an arbitration provision in all capital letters that states in relevant part:

> **HOW DO I RESOLVE DISPUTES WITH VERIZON WIRELESS?**
> . . .
>
> **YOU AND VERIZON WIRELESS BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT, AS DISCUSSED BELOW. YOU UNDERSTAND THAT BY THIS AGREEMENT YOU ARE GIVING UP THE RIGHT TO BRING A CLAIM IN COURT OR IN FRONT OF A JURY. WHILE THE PROCEDURES MAY BE DIFFERENT, AN ARBITRATOR CAN AWARD YOU THE SAME DAMAGES AND RELIEF, AND MUST HONOR THE SAME TERMS IN THIS AGREEMENT, AS A COURT WOULD. IF THE LAW ALLOWS FOR AN AWARD OF ATTORNEYS' FEES, AN ARBITRATOR CAN AWARD THEM TOO. WE ALSO BOTH AGREE THAT:**
>
> (1) THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US, OR . . . FROM OUR EFFORTS TO COLLECT AMOUNTS YOU MAY OWE US FOR SUCH PRODUCTS, INCLUDING ANY DISPUTES YOU HAVE WITH OUR EMPLOYEES OR AGENTS, WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA") OR BETTER BUSINESS BUREAU ("BBB").

Id. Ex. H at 6.

In April 2022, Glover filed this lawsuit alleging he was the victim of racial discrimination and retaliation by employees of Verizon and Verizon's authorized retail agent, Victra. See generally Compl. [Docket No. 1]. The Complaint alleges that in August 2020 Glover attempted to pay his bill at a Victra store in Brooklyn Center, Minnesota, but a Victra employee refused to take his payment or provide him with service, stating "We don't deal with Black people." Id. ¶¶ 7-8. The Complaint also alleges that Glover called Verizon's customer care phone number on multiple occasions for assistance with his Verizon devices that were not working properly. The Verizon employees Glover spoke with allegedly refused to provide him with customer service

2

and made racist comments to him such as "You people are always complaining," "Boy, we at Verizon are not racist," and "Black people don't need these services." Id. ¶¶ 9-11B. The Complaint further alleges that after Glover called Verizon to complain of the discrimination, Verizon retaliated by turning off his services. Id. ¶ 11B. Glover claims Verizon violated his civil rights by discriminating against him "in the area of public services" based on his race. Id. Ex. 2B [Docket No. 1, Attach. 1] at 3. He seeks $10 million in money damages. Compl. at 4.

Defendants move to compel arbitration and to stay the case pending arbitration. Defendants argue that Glover's Customer Agreement with Verizon requires him to arbitrate any disputes related to the equipment, products, or services he received from Verizon or its employees or agents.

### III.  DISCUSSION

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1–16, governs arbitration agreements relating to transactions involving interstate commerce. The Act provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2.

The FAA establishes a "federal policy favoring arbitration," requiring that courts "rigorously enforce agreements to arbitrate." Shearson/American Express, Inc. v. McMahon, 482 U.S. 220, 226 (1987) (quotations omitted). "Generally, there is a presumption of arbitrability in the sense that [a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute." Telectronics Pacing Sys., Inc. v. Guidant Corp.,

143 F.3d 428, 433 (8th Cir.1998) (quotation omitted) (alteration in original).  Under the FAA, a motion to compel arbitration must be granted if a valid arbitration agreement exists between the parties and the dispute falls within the scope of the agreement.  3M Co. v. Amtex Sec., Inc., 542 F.3d 1193, 1198 (8th Cir. 2008) (citing 9 U.S.C. § 4).

Here, the parties do not dispute that the arbitration provision in the Customer Agreement is valid.  Rather, they disagree over whether Glover's discrimination and retaliation claims fall within the scope of the provision.  As specified above, the arbitration provision covers "ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US . . . INCLUDING ANY DISPUTES YOU HAVE WITH OUR EMPLOYEES OR AGENTS."  Ninete Decl. Ex. H at 6.  Glover's lawsuit relates to his customer service interactions with Verizon, its employees, and its agent Victra when Glover (1) attempted to pay his Verizon bill, (2) sought assistance with his Verizon devices and wireless service, and (3) complained to Verizon about the allegedly discriminatory treatment he received.  As such, the claims asserted in the Complaint fall within the scope of the arbitration provision.

Glover argues that the arbitration provision does not apply because he did not agree to arbitrate disputes related to racial remarks, and "there is nothing in [the] customer agreement . . . about retaliation."  Obj. [Docket No. 19] at 2.  However, a district court "must send a claim to arbitration if presented with a broad arbitration clause," such as the one here, if "the underlying factual allegations simply touch matters covered by the arbitration provision."  3M Co., 542 F.3d at 1199 (internal quotation marks omitted).  The factual allegations in the Complaint touch on the customer service Glover received from Verizon, its employees, and its agent Victra.

4

Accordingly, the Court must send the claims to arbitration, where Glover can assert his discrimination and retaliation claims to a neutral arbitrator.

Finally, 9 U.S.C. § 3 provides that when a suit pending in federal court is subject to arbitration, the court "shall . . . stay . . . the action until such arbitration has been had." Accordingly, this lawsuit is stayed until arbitration has been completed.

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendants Verizon Wireless, Victra Connecting Technology of Life, Cristhian J. Made, Erich Pieler, Joe, Rebecca, and Matt's (collectively "Defendants") Motion to Compel Arbitration and Stay Action [Docket No. 8] is **GRANTED**; and

2. The case is **STAYED** pending arbitration.

BY THE COURT:

Dated: October 24, 2022

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT