## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Wilbert Glover,

        Plaintiff,

v.

Verizon Wireless, Victra Connecting
Technology of Life, Cristhian J. Made,
Erich Pieler, Joe, Rebecca, and Matt,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 22-1093 ADM/DJF

_____

Wilbert Glover, pro se.

Seth Leventhal, Esq., Leventhal PLLC, Minneapolis, MN, on behalf of Defendants.

_____

## I.  INTRODUCTION

This matter is before the undersigned United States District Judge on Plaintiff Wilbert Glover's pro se Objection to Arbitration Award [Docket No. 35], and Defendants Verizon Wireless Services, LLC ("Verizon"), ABC Phones of North Carolina, Inc. d/b/a Victra ("Victra"), Christhian J. Made, and Erich Pieler (collectively "Defendants") Motion to Dismiss [Docket No. 36].[1]  For the reasons stated below, Glover's Objection is overruled, and Defendants' Motion to Dismiss is granted.

---

[1]  Defendants Verizon and Victra assert that they were erroneously sued under the names "Verizon Wireless" and "Victra Connecting Technology of Life".  See Mot. Compel Arbitration [Docket No. 8] at 1; Mot. Dismiss at 1.  The Rule 7.1 Disclosure Statements filed by Verizon and Victra [Docket Nos. 15, 16] confirm that the correct names for the two corporate defendants in this action are Verizon Wireless Services, LLC and ABC Phones of North Carolina, Inc. d/b/a Victra.  Defendant Christhian J. Made's first name is also wrongly spelled as "Cristhian" in the Complaint.  See Ninete Decl. [Docket No. 10] ¶ 4.

## II.  BACKGROUND

Glover is a Verizon customer.  Compl. [Docket No. 1] ¶ 7.  In April 2022, Glover filed this lawsuit alleging racial discrimination by employees of Verizon and Verizon's authorized retail agent, Victra, in violation of 42 U.S.C. §§ 1981 and 1982.  See generally id.  Defendants moved to compel arbitration, arguing that the Verizon Wireless Customer Agreement required Glover to arbitrate any disputes related to products and services he received from Verizon or its employees or agents.  Mot. Compel Arbitration [Docket No. 8].  On October 24, 2022, the Court granted the motion and stayed this action pending arbitration.  Mem. Op. Order [Docket No. 29].

Arbitration was initiated before the American Arbitration Association ("AAA").  Def. Ex. A [Docket No. 38, Attach. 1] (AAA Initiation Letter).  The arbitrator conducted an evidentiary hearing by conference call on June 16, 2023, and heard testimony offered by the parties.  Def. Ex. B [Docket No. 38, Attach. 2] (Arbitration Award) at 1.  On June 23, 2023, the arbitrator issued an award in favor of Glover and against Verizon and Victra in the amount of $1,000.  Id. All claims against the individually named defendants were dismissed with prejudice.  Id.  The AAA closed the Arbitration Case as awarded on June 26, 2023.  Def. Ex. C [Docket No. 38, Attach. 3] (AAA Notice of Case Closure).

On September 28, 2023, United States Magistrate Judge Dulce J. Foster ordered the parties to provide an update on the status of the arbitration.  Text Only Order [Docket No. 30]. Defendants submitted a Status Report on October 12, 2023, reporting that the arbitration had been completed, that Verizon and Victra had given Glover a check for the full amount of the Arbitration Award, and that Glover had cashed the check and confirmed receipt of the payment. Def. Status Report [Docket No. 31] at 1-2.  Glover submitted a Status Report on October 13,

2023, stating that he objected to the arbitration finding.  Pl. Status Report [Docket No. 34].

Judge Foster lifted the stay in this case on October 13, 2023.  Text Only Order [Docket No. 32].

On October 23, 2023, Glover filed an Objection to the Arbitration Award.  He argues that the arbitration system favored Verizon, and that the arbitrator failed to consider affidavit evidence.  He also disputes the amount of his damage award and states that he "disagree[s] with any and all arbitrator finding[s]."  Id. at 3.

On November 6, 2023, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  Defendants argue this action is barred by res judicata because it asserts the same claims that were decided in the arbitration.  Defendant further argues that this Court lacks jurisdiction to modify or vacate the Arbitration Award because Glover failed to seek such relief within the three-month period for doing so.

On November 20, 2023, Glover filed a Jury Demand [Docket No. 42] under Federal Rule of Civil Procedure 38.  The Jury Demand does not address the arguments raised in Defendants' Motion to Dismiss.

### III.  DISCUSSION

**A.  Glover's Objection**

Glover's Objection raises multiple challenges to the Arbitration Award.  To the extent that the Objection can be construed as a motion to vacate or modify the Arbitration Award, the request is untimely.  Under the Federal Arbitration Act ("FAA"), "[n]otice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within three months after the award is filed or delivered."  9 U.S.C. § 12; see also RGA Reinsurance Co. v. Ulico Cas. Co., 355 F.3d 1136, 1139 (8th Cir. 2004) (stating that "proceedings to vacate, modify,

or remand an arbitration award must be initiated promptly within three months of the arbitration ruling").

Here, the Arbitration Award was issued on June 23, 2023, and the arbitration case was administratively closed by the AAA on June 26, 2023.  Def. Exs. B, C.  Glover did not file his Objection to the Arbitration Award until October 23, 2023, four months after the Arbitration Award was issued.  Because the Objection was filed after the three-month statutory limitation period had expired, the Court lacks jurisdiction to vacate or modify the award.  See RGA Reinsurance Co., 355 F.3d at 1139 ("RGA did not file its petition with the district court until April 5, 2002, greater than three months after the arbitration ruling; therefore, the district court lacked jurisdiction to modify or vacate the award.").[2]  Glover's Objection is overruled.

**B.  Defendants' Motion to Dismiss**

Defendants move to dismiss this case, arguing that it is barred by the doctrine of res judicata because the Arbitration Award fully and finally resolved all of Glover's claims in this lawsuit.

### 1.  Rule 12(b)(6) Standard

Rule 12 of the Federal Rules of Civil Procedure provides that a party may move to dismiss a complaint for failure to state a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6).  In considering a motion to dismiss, the pleadings are construed in the light most favorable to the nonmoving party, and the facts alleged in the complaint must be taken as true. Hamm v. Groose, 15 F.3d 110, 112 (8th Cir. 1994); Ossman v. Diana Corp., 825 F. Supp. 870, 879-80 (D. Minn. 1993).

---

[2]  To the extent that Glover's Status Report, filed on October 13, 2023, could be construed as notice of a motion to vacate or modify the Arbitration Award, the notice is still untimely because the Status Report was also filed more than three months after the Arbitration Award was issued.

Ordinarily, if a district court relies on matters outside the pleadings in considering a motion to dismiss, the motion to dismiss is converted to one for summary judgment. Fed. R. Civ. P. 12(d). However, the Court may consider "materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Illig v. Union Elec. Co., 652 F.3d 971, 976 (8th Cir. 2011).

Additionally, at any stage of the proceeding the Court may take judicial notice of a fact that is "not subject to reasonable dispute." Fed. R. Ev. 201(b), (d). A district court may consider a judicially-noticed arbitration award on a motion to dismiss without converting the motion to one for summary judgment. See, e.g, MMA Consultants 1, Inc. v. Republic of Peru, 245 F. Supp. 3d 486, 499–500 (S.D.N.Y. 2017) (judicially noticing arbitration award in connection with defendant's motion to dismiss).

Defendants have requested the Court to take judicial notice of the Arbitration Award and related AAA documents. See Request Judicial Notice [Docket No. 38], Def. Exs. A, B, C [Docket No. 38, Attachs. 1, 2, 3]. Glover has not opposed the request nor challenged the authenticity of the Arbitration Award or the related documents. Defendants' request for judicial notice is granted because the Arbitration Award and related AAA documents are not subject to reasonable dispute in that they "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Ev. 201(b)(2). The Court will consider the Arbitration Award and related AAA documents in ruling on Defendants' motion to dismiss.

## 2. Res Judicata

Defendants argue that this lawsuit is now barred by res judicata because the Arbitration Award fully and finally resolved all of Glover's claims. "Under res judicata 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or

5

could have been raised in that action.'" <u>Yankton Sioux Tribe v. U.S. Dep't of Health & Hum. Servs.</u>, 533 F.3d 634, 639 (8th Cir. 2008) (quoting <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980)). Res judicata applies where there is "1) a final judgment on the merits, 2) based on proper jurisdiction, 3) between the same parties, and 4) based on the same claims or causes of action."

### a. Final Judgment on the Merits

Arbitration awards have the same preclusive effect as judgments issued by courts. <u>See Manion v. Nagin</u>, 392 F.3d 294, 300 (8th Cir. 2004) ("A final arbitration award has the same preclusive effect as a prior judgment."); <u>Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nixon</u>, 210 F.3d 814, 817 (8th Cir. 2000) ("We have specifically held that an arbitrator's award constitutes a final judgment for the purposes of collateral estoppel and res judicata.") (<u>abrogated on other grounds by</u> <u>E.E.O.C. v. Waffle House, Inc.</u>, 534 U.S. 279, 122 S. Ct. 754, 151 L. Ed. 2d 755 (2002)).

An arbitration award is a final judgment for res judicata purposes if the parties "had a full and fair opportunity to litigate the issue in that proceeding." <u>Val-U Const. Co. of S. D. v. Rosebud Sioux Tribe</u>, 146 F.3d 573, 581 (8th Cir. 1998) (quoting <u>Am. Fed'n of Television & Radio Artists Health & Ret. Funds v. WCCO Television, Inc.</u>, 934 F.2d 987, 991 (8th Cir.1991)). This is true regardless of whether an arbitration award has been confirmed by a court. <u>See id.</u> ("[T]he fact that the award in the present case was not confirmed by a court . . . does not vitiate the finality of the award. . . . [A]n unconfirmed arbitrator's award can furnish the basis for res judicata.) (quotations omitted).

Here, the arbitrator held an evidentiary hearing and "heard the testimony offered by the parties." Def. Ex. B at 1. The arbitrator considered the parties' testimony when ruling on Glover's claims. <u>See id.</u> at 2-3. The arbitrator deemed the Arbitration Award "in full settlement

of all claims submitted to this arbitration." Id. at 1.  Glover did not file a motion to modify or

vacate the arbitration award within the time proscribed in 9 U.S.C. § 12.  Although Glover is not

satisfied with the result, the Arbitration Award constitutes a final judgment on the merits because

the parties were given an opportunity to present evidence, the arbitrator considered the parties'

respective testimony, and the Arbitration Award adjudicated all of Glover's claims.

### b. Proper Jurisdiction

The Arbitration Award is based on proper jurisdiction because the arbitration case was

initiated before the AAA pursuant to the arbitration clause in the Verizon Wireless Customer

Agreement, as well as the Court's October 24, 2022 Memorandum Opinion and Order

compelling arbitration.  The arbitrator was duly appointed in accordance with the arbitration

clause in the Verizon Wireless Customer Agreement.  Def. Ex. B at 1

### c. Same Parties

Glover's claims in the arbitration case were brought against the same parties as those

named in this action.  See Compl. at 1 (showing parties named in this action); Rule 7.1

Disclosure Statements [Docket Nos. 15, 16] (showing correct names for corporate defendants

Verizon and Victra in this action); Ninete Decl. ¶ 10 (showing correct spelling of individual

defendant Christhian J. Made's first name); Def. Ex. B at 1 (showing parties to the arbitration

case).

### d. Same Claims

Generally, "a claim is barred by res judicata if it arises out of the same nucleus of

operative facts as the prior claim."  Lane v. Peterson, 899 F.2d 737, 742 (8th Cir. 1990).  Here,

Glover's claims and allegations in the arbitration proceeding were based on the same

wrongdoing he alleges in this lawsuit---namely, that Defendants and their employees racially discriminated against him in violation of 42 U.S.C. §§ 1981 and 1982.

Because all the elements of res judicata are present, Glover is barred from seeking relief in this Court based on the same claims and allegations he made in the arbitration case. Accordingly, Defendants' motion to dismiss is granted.[3]

## IV.  CONCLUSION

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.   Plaintiff Wilbert Glover's Objection [Docket No. 35] to the underlying arbitration award is **OVERRULED**;

2.   Defendants Verizon Wireless Services, LLC; ABC Phones of North Carolina, Inc. d/b/a Victra; Christhian J. Made; and Erich Pieler's Motion to Dismiss [Docket No. 36] is **GRANTED**; and

3.   the Complaint [Docket No. 1] is **DISMISSED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
Dated: February 1, 2024                    ANN D. MONTGOMERY
                                           U.S. DISTRICT COURT

---

[3] Defendants also argue in their Motion to Dismiss that the Court lacks jurisdiction to vacate or modify the arbitration award because Glover failed to seek such relief within the time limit proscribed in 9 U.S.C. § 12.  For the reasons stated when ruling on Glover's Objection, the Court agrees that any effort by Glover to vacate or modify the award is untimely, and that as a result the Court lacks jurisdiction to provide such relief.